not have an objective fear of future persecution, *see Berroteran–Melendez v. INS,* 955 F.2d 1251, 1256 (9th Cir.1992).

Hernandez–Carredano, in failing to qualify for asylum, necessarily failed to satisfy the more stringent standard required to establish eligibility for withholding of removal. *See Ghaly v. INS,* 58 F.3d 1425, 1429 (9th Cir.1995).

**PETITION FOR REVIEW DENIED.**

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Earl Leslie HELTSLEY, Jr., Defendant–Appellant.**

No. 01–10100, 01–10127.

D.C. No. CR–N–99–00120–ECR.

D.C. No. CR–N–00–00069–ECR.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 3, 2001.

Decided Feb. 28, 2002.

---

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Hernandez–Carredano's request for oral argument is denied.

Before HUG, D.W. NELSON and HAWKINS, Circuit Judges.

## MEMORANDUM*

This appeal consolidates two cases involving the same defendant, Earl Heltsley. Heltsley was first convicted in March 2000 on charges of illegal weapons possession (No. 01–10100).[1] He filed a motion to suppress evidence during that trial, which was denied. In a separate case in October 2000 (No. 01–10127), Heltsley conditionally pled guilty to two counts of unlawful possession of weapons, contingent upon his appeal of a motion to suppress, which had also been denied. He was sentenced in February 2001 for both convictions.

We review the main issue in the first case de novo as it involves a mixed question of fact and law: determination of apparent authority to consent to search a home. *United States v. Fiorillo*, 186 F.3d 1136, 1145 (9th Cir.1999); *United States v. Kim*, 105 F.3d 1579, 1581 (9th Cir.1997). The de novo standard also extends to a review of a district court's denial of a motion to suppress evidence seized in a search that followed the consent. *Fiorillo*, 186 F.3d at 1143.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Unlawful possession of a machine gun; possession of an unregistered short-barreled rifle; two counts of possession of an unregistered silencer; and two counts of possession of a silencer without a serial number.

■ The search of the house incident to the consent of Heltsley's wife was invalid because the government knew that she lacked authority to give valid consent for a search of Heltsley's locked closet. While the voluntary consent of a joint occupant is ordinarily valid against a co-occupant when the parties have equal interests in and access rights to the property, here the police knew that Heltsley's wife had an obviously inferior interest, at least with respect to the previously locked closet. A person can expect sole exclusionary authority against the government's warrantless searches if he has a special and private place within the joint residence. *See United States v. Leon–Yanez,* 64 F.3d 531, 536 (9th Cir.1995). Normally, the Leon–Yanez exception would not apply to the locked closet in the hallway because it was pried open by Monica and not the police.

But here, the police deputies acted unreasonably because they knew the closet had been locked, that Monica lacked a key, and that she took the hinges off the locked closet door to gain access to the inside contents. Monica herself testified that the police knew that she was in the process of moving out of the house and how she had gained entry to the closet before they entered the house at her invitation. As a result, the deputies knew that although Monica possessed apparent authority over the common areas of the house, she could not validly consent to a search of this closet. Further, there was, by the time of the police's entry to the house, no risk of danger or asportation; thus the officers could have waited for a warrant to issue with no reasonable detriment to their duties. Thus, we reverse the district court's denial of Heltsley's motion to suppress. Because our reversal of the Fourth Amendment issues in this first case requires a new trial, we decline to reach the other issues that this case presents.

■ In the second case (No. 01–10127), the traffic stop was improper under all the facts and circumstances, and therefore we reverse the district court's denial of Heltsley's motion to suppress. Heltsley was not impeding traffic flow merely by driving slightly below the speed limit because the highway patrol vehicle was *pacing* Heltsley's car from a constant distance of three or four car-lengths behind him. There was no obligation upon him to yield and move to the right, which means no probable cause existed to believe that Heltsley was in violation of any Nevada statute. Further, Heltsley was, in fact, traveling at a reasonable speed given that he was driving at night and in an area warranting extra caution. (Indeed, in the area where Heltsley was traveling, the speed limit changes from 50 mph to 55 mph to 45 mph within four miles.) The officer never testified that he saw anything erratic when pacing Heltsley's car; he observed no fluctuations in driving speed and no swerving, making claims of reasonable suspicion constitutionally suspect. Because the stop was unreasonable in light of all the relevant circumstances, the evidence against Heltsley derived from this unreasonable seizure of Heltsley's car is fruit of the poisonous tree and should have been excluded. *See Wong Sun v. United States,* 371 U.S. 471, 484, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).

With respect to No. 01–10100, we **REVERSE** the judgment of the district court. Similarly, with respect to No. 01–10127, the judgment of the district court is **REVERSED**. Both matters are remanded to the district court for proceedings consistent with this disposition.

**REVERSED AND REMANDED.**